DISCIPLINARY COUNSEL *v.* NILES.

[Cite as *Disciplinary Counsel v. Niles*, 126 Ohio St.3d 23, 2010-Ohio-2517.]

*Attorneys — Misconduct — Interim felony suspension already imposed — Two-year license suspension, all stayed on conditions.*

(No. 2010-0034 — Submitted February 24, 2010 — Decided June 10, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-088.

_____

**Per Curiam**.

{¶ 1} Respondent, Lisa Jane Niles of Springfield, Ohio, Attorney Registration No. 0061134, was admitted to the practice of law in Ohio in 1993. On August 13, 2008, this court imposed an interim felony suspension on respondent's license pursuant to Gov.Bar R. V(5)(A)(4). *In re Niles*, 119 Ohio St.3d 1420, 2008-Ohio-4071, 891 N.E.2d 1187.

{¶ 2} On December 8, 2008, relator, Disciplinary Counsel, filed a complaint alleging four violations of the Ohio Rules of Professional Conduct. Respondent participated in the disciplinary investigation and stipulated to certain facts and misconduct. The Board of Commissioners on Grievances and Discipline now recommends that we suspend respondent's license for two years, all stayed, based upon findings that she engaged in theft in office and tampering with records during her tenure as the Champaign County Municipal Court clerk. We accept the board's findings of misconduct and agree that a two-year suspension, stayed upon conditions, is appropriate.

## Misconduct

{¶ 3} In its complaint, relator charged respondent with violations of Prof.Cond.R. 8.4(b) (prohibiting commission of an illegal act that reflects

adversely on the lawyer's honesty or trustworthiness), 8.4(c) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting conduct prejudicial to the administration of justice), and 8.4(h) (prohibiting conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 4} The stipulated facts and testimony at the panel hearing demonstrate that after graduating from law school and developing a general practice in Springfield, Ohio, respondent suffered from a series of health problems. In 1997, she broke her ankle and required orthopedic surgery. Due to pain from the injury, her doctor prescribed painkillers, including Vicodin. Respondent later developed depression and anxiety, for which her doctor prescribed Zoloft and Xanax. Then in 2005, respondent had quadruple-bypass surgery. As a result of her poor health, respondent was unable to work and closed her private practice.

{¶ 5} A local judge, who was aware of respondent's work on behalf of her clients as well as her health and financial difficulties, offered to appoint respondent as the Champaign County Municipal Court clerk. Respondent was sworn in on January 6, 2006.

{¶ 6} On two days in April 2007, respondent accepted and retained cash payments of pending court fines from defendants. She concealed her thefts by issuing paper receipts in lieu of the court's standard computerized receipts and by later destroying the office copies. Respondent testified that at the time of the thefts, she was drinking daily and taking Vicodin, Zoloft, and Xanax. She also testified that an "alcoholic bottom" had caused her to steal money from the court.

{¶ 7} When confronted about the thefts, respondent denied them. An audit revealed that respondent had stolen $365.50. Respondent's employment was terminated, and she later pleaded guilty to charges of theft in office and tampering with records. Respondent was convicted and was given a $400 fine; she was sentenced to ten days in jail, three years of community control, and 100

hours of community service. She was also ordered to pay restitution of $5,483.60, representing the stolen $365.50 plus the cost of the audit.

{¶ 8} The panel and board found that respondent's conduct violated Prof.Cond.R. 8.4(c), 8.4(d), and 8.4(h). However, the parties stipulated, clear and convincing evidence demonstrates, and we find, that respondent's conduct also violated Prof.Cond.R. 8.4(b).

### Sanction

{¶ 9} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating features of respondent's case and found that the mitigating factors overwhelmingly outweighed the aggravating factors. See Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 10} The parties stipulated and the board found the following factors in mitigation: (1) absence of prior disciplinary record, (2) timely good-faith effort to make restitution, (3) cooperative attitude toward the disciplinary proceedings, (4) imposition of other penalties or sanctions, and (5) respondent's chemical dependency. BCGD Proc.Reg. 10(B)(2)(a), (c), (d), (f), and (g).

{¶ 11} With regard to respondent's chemical dependency, Stephanie Krznarich, clinical director of the Ohio Lawyers Assistance Program ("OLAP"), testified that respondent entered into an OLAP contract as of March 3, 2008, and that she has fully complied with that contract. She stated that respondent was diagnosed with both drug and alcohol addiction and that she completed a treatment program at McKinley Hall, a drug and alcohol treatment center in Springfield. She noted that although respondent could have been discharged from her treatment program more than a year before her disciplinary hearing, she voluntarily remains in an aftercare program. Noting that respondent continues to participate in Alcoholics Anonymous and that she has been selected to handle the

money for two separate 12-step programs, Krznarich testified that respondent can return to the ethical and competent practice of law and that she will be an asset to the legal community.

**{¶ 12}** Based upon the testimony of respondent and Krznarich, we conclude that respondent's chemical dependency qualifies as a mitigating factor pursuant to BCGD Proc.Reg. 10(B)(2)(g)(i) through (iv).

**{¶ 13}** Although the parties did not stipulate to any aggravating factors, the board noted respondent's initial denial of wrongdoing when confronted by her employer. However, the board found that "her remorseful and courageous admissions recounted at the hearing more than compensate for this single aggravating element."

**{¶ 14}** The parties have stipulated that a two-year suspension with the second year stayed upon conditions is an appropriate sanction for respondent's conduct. But the board recommends that we suspend respondent from the practice of law for two years, all stayed in light of the time served by respondent during her interim suspension, subject to the following conditions:

**{¶ 15}** "1. Respondent must continue to abide by the terms and conditions of her OLAP contract which does not expire until approximately March 3, 2013. This compliance includes treatment or therapy prescribed by any treating physician or counselor which OLAP considers important to Respondent's current and future good health.

**{¶ 16}** "2. In order to assure herself and protect the public against any stress-induced further wrongdoing, Respondent shall comply with Gov.Bar R. V(9) with regard to the appointment of a law practice monitor at the time she resumes her practice of law. The Respondent shall continue to report to her monitor during this period until the expiration of her contract with OLAP.

**{¶ 17}** "3. Failure to meet these conditions shall subject Respondent to a two-year suspension."

4

**{¶ 18}** For similar conduct, we have previously imposed two-year suspensions with the second year stayed. See, e.g., *Akron Bar Assn. v. Carter*, 115 Ohio St.3d 18, 2007-Ohio-4262, 873 N.E.2d 824, ¶ 18 (attorney convicted of felony theft and misuse of his employer's credit card); *Disciplinary Counsel v. Brenner*, 122 Ohio St.3d 523, 2009-Ohio-3602, 912 N.E.2d 1116, ¶ 21-22 (attorney concealed fee agreements from his law firm and retained fees for himself, but wrote checks from the firm's operating account for his personal expenses); *Toledo Bar Assn. v. Lockhart* (1998), 84 Ohio St.3d 7, 9, 701 N.E.2d 686 (attorney convicted of petty-theft shoplifting and tampering with records).

**{¶ 19}** Having weighed respondent's conduct and the aggravating and mitigating factors, having considered the sanctions imposed for comparable conduct, and having recognized that respondent has served an interim felony suspension of almost two years, we adopt the board's recommended sanction. Accordingly, Lisa Jane Niles is suspended from the practice of law in the state of Ohio for two years, all stayed upon the conditions that she (1) comply with the terms and conditions of her OLAP contract, including the treatment recommendations of any treating physician or counselor, and (2) serve a term of monitored probation pursuant to Gov.Bar R. V(9) commencing upon her return to the practice of law and continuing until the expiration of her existing OLAP contract. If respondent fails to comply with the conditions of the stay or probation, the stay will be lifted, and respondent will serve the full two-year suspension from practice. Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Richard E. Mayhall, for respondent.

_____